**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**MATTHEW COWLES,**

        **Plaintiff,**

**v.**                                                          **Civil Action No. 3:20cv470**

**PEROUTKA, MILLER, KLIMA & PETERS, P.A.,**
**and**
**SECOND ROUND, LP**

        **Defendants.**

## COMPLAINT

## INTRODUCTION

1.     Plaintiff Matthew Cowles asserts that Peroutka, Miller, Klima & Peters, P.A., a collection law firm, and Second Round, LP, a collection agency, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") while attempting to collect an alleged debt that had been satisfied by payment to another debt collector that was attempting to collection the same consumer debt from Plaintiff at the same time that the Defendants herein were collecting.

## JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.     Plaintiff Matthew Cowles ("Mr. Cowles") is a natural person who resides in Virginia and in this district. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Peroutka, Miller, Klima & Peters, P.A. is a foreign corporation, with a principal office address of 8028 Ritchie Highway, Suite 300, Pasadena, Maryland 21122, the principal purpose of which is the collection of any debts and has as its registered agent Stephen G. Peroutka who is located at the same address. According to its website:

> "Peroutka, Miller, Klima & Peters, P.A. is a Maryland based collection law firm that effectively represents creditors in Maryland, Virginia, Delaware, and Washington, DC."      https://www.peroutkalaw.com/  Last visited June 22, 2020.

5.      Defendant Peroutka Miller Klima & Peters, P.A. regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

6.      Defendant Second Round, LP ("Second Round"), is a foreign corporation, with a principal office address of 1701 Directors Blvd., Suite 900, Austin, Texas 78746, the principal purpose of which is the collection of consumer debts and has as its registered agent C.T. Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. According to its website:

> "Second Round, LP is a receivables management firm that serves businesses of all types nationwide. We provide the most efficient and effective management process for accounts receivable in the industry."… https://www.second-round.com/  Last visited June 22, 2020.

7.      Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Mr. Cowles purchased a camera through QVC, Inc.

9.      QVC is a televised home shopping channel.

10.     Payments for the camera were being made on a QCard/Synchrony Bank card account.

11.     Thereafter, Mr. Cowles suffered unanticipated expenses resulting from the death of a family member, and as the result of reduced employment.

12.     Mr. Cowles fell behind in his payments.

13.     Mr. Cowles began receiving dunning letters from third party debt collectors attempting to collect the debt.[1]

14.     One such letter, Exhibit A, was from FMA Alliance, Ltd., on behalf of QVC, Inc.

15.     Through Exhibit A, FMA Alliance, Ltd. was attempting to collect a "Total Balance Due" of $237.44.

16.     The amount sought by FMA Alliance, Ltd. reflected the fact that Mr. Cowles had been making payments on the account prior to the onset of financial difficulties.

17.     On December 11, 2018, Defendant Second Round, LP sued Mr. Cowles in the Greensville County General District Court.

18.     That case, No. GV18000645-00, is styled *Second Round, LP Assignee of Synchrony Bank v. Matthew Cowles*.

19.     Defendant Peroutka, Miller, Klima & Peters, P.A. filed *Second Round, LP Assignee of Synchrony Bank v. Matthew Cowles* as counsel for Defendant Second Round, LP.

20.     Exhibit B is a copy of the Warrant in Debt filed in *Second Round, LP Assignee of Synchrony Bank v. Matthew Cowles*.

---

[1]  A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *DeCapri v. Law Offices of Shapiro Brown & Alt, LLP*, 2014 U.S. Dist. Lexis 131979, *1, n.1, 2014 WL 4699591, *1, n,1 (E.D. Va. September 19, 2014); *Fariasantos v. Rosenberg & Associates, LLC*, 2 F. Supp. 3d 813, 816 (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

21.     The amount sought, $782.19, was a larger amount than the original price of the camera.

22.     Seeing that he was being sued for more than he owed on the account, Mr. Cowles started looking for any information that he had showing that he had made payments.

23.     He started calling the companies that had sent him collection notices.

24.     They told him that they no longer owned the debt and told him that he needed to look elsewhere to find out who did own the debt.

25.     Second Round, LP obtained a default judgment against Mr. Cowles on January 24, 2019, in the amount of $782.19, plus $56.00 in costs.

26.     Second Round, LP filed a Garnishment Summons dated June 25, 2019.

27.     Exhibit C is a copy of the Garnishment Summons.

28.     While *Second Round, LP Assignee of Synchrony Bank v. Matthew Cowles* was pending, Mr. Cowles was also being dunned on the same debt by Resurgent Capital Services.

29.     Resurgent Capital Services was attempting to collect on behalf of LVNV Funding, yet another third-party debt collector seeking to collect the same debt claimed to be owed to QVC, Inc.

30.     While *Second Round, LP Assignee of Synchrony Bank v. Matthew Cowles* was pending, Mr. Cowles settled the debt with Resurgent Capital Services.

31.     Mr. Cowles settled the debt with Resurgent Capital Services by making payment to Resurgent Capital Services.

32.     Resurgent Capital Services sent Mr. Cowles a letter, dated June 27, 2019, stating, among other things, that:

"This letter will verify that this account was settled in full on 05/05/2019."

33.     Exhibit D is a copy of the June 27, 2019 letter from Resurgent Capital Services, on behalf of LVNV Funding, LLC, to Mr. Cowles.

34.     Before settling the claimed debt with Resurgent Capital Services, Mr. Cowles called Peroutka, Miller, Klima & Peters, P.A. and told them that he had received a settlement offer.

35.     Peroutka, Miller, Klima & Peters, P.A. told Mr. Cowles that it would be fine if he accepted and paid the settlement offer.

36.     Mr. Cowles sent Peroutka, Miller, Klima & Peters, P.A. a copy of the June 27, 2019 settled-in-full letter from Resurgent Capital Services.

37.     Defendants proceeded with the Garnishment Summons.

38.     On November 21, 2019, the Greensville County General District Court entered an Order that the garnishee, the Greensville County School Board Office, "pay to the judgment creditor (Second Round, LP) through the court $948.95 net of any credit."

39.     Mr. Cowles' QVC account appears to have been at least triple placed.

40.     The subject account was Mr. Cowles' only QVC account.

41.     Mr. Cowles told Peroutka, Miller, Klima & Peters, P.A. that the subject account was his only QVC account.

42.     Defendants refuse to return the wages that have been improperly garnished.

43.     As a result of the Defendants' acts and omissions, Plaintiff has suffered actual damages and injury, including but not limited to, stress, mental anguish and suffering, anxiety, emotional distress, and loss of funds wrongfully garnished and taken from him.

**COUNT ONE**
**VIOLATION OF § 1692e OF THE FDCPA --**
**Use of False, Deceptive, or Misleading Representations or Means**
**in Connection with the Collection of a Debt**

44. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

45. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, e(2)(A), and e(10) as to the Plaintiff when they took his employment funds by pursuing a wage garnishment despite being advised that the purported debt had been satisfied, by:

    A.    making false representations of the character, amount, or legal status of the alleged debt, and

    B.    using false representations or deceptive means to collect or attempt to collect any debt.

46. Plaintiff is therefore entitled to actual and statutory damages against Defendants, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWO**
**VIOLATION OF § 1692f OF THE FDCPA –**
**Use of Unfair Practices or Means to Attempt to Collect a Debt**

47. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

48. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f, including § f(1), as to the Plaintiff by using unfair or unconscionable means to collect a debt, by collecting or attempting to collect that Plaintiff did not owe at the time of the taking of such funds.

49. Plaintiff is therefore entitled to actual and statutory damages against Defendants, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Matthew Cowles requests that the Court enter judgment on his behalf against Defendants for:

A.    Declaratory relief that Defendant violated the FDCPA as alleged;

B.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

D.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

E.    Such other or further relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
MATTHEW COWLES
By Counsel


___/s/ Dale W. Pittman_____
By: Dale W. Pittman, VSB#15673
Counsel for Matthew Cowles
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

   /s/ Dale W. Pittman
Dale W. Pittman